An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

DAVID ROSALES,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65247

**FILED**

OCT 1 5 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court order denying a post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Valerie Adair, Judge.

Appellant argues that the district court erred by denying his claim that counsel was ineffective for not filing an appeal from the judgment of conviction. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). "Generally, both components of the inquiry must be shown, but in some instances, such as when the petitioner has been deprived of the right to appeal due to counsel's deficient performance, the second component (prejudice) may be presumed." *Toston v. State*, 127 Nev. ___, ___, 267 P.3d 795, 799 (2011) (internal citations omitted). We give deference to the district court's factual findings if supported by substantial

evidence and not clearly erroneous but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

At the evidentiary hearing on the petition, counsel Violet Radosta testified that appellant was upset that the district court sentenced him to 6 to 20 years in prison instead of the stipulated sentence of 6 to 15 years. She did not recall if appellant wanted her to file an appeal but she advised him that the district court was within its discretion to sentence him to 6 to 20 years in prison and consequently there were no grounds to appeal. Radosta did not recall if appellant requested an appeal after she advised him that there were no grounds to appeal the sentence. Later, however, Radosta testified that appellant "was telling me that he wanted me to appeal the fact that the Judge did not follow the 6 to 15." She explained that she "cannot file a frivolous appeal, and that issue in [her] opinion was a frivolous appeal." Radosta made other statements indicating that appellant wanted to appeal his sentence. Appellant testified that he told Radosta that he wanted to appeal his case.

"[T]rial counsel has a constitutional duty to file a direct appeal in two circumstances: when requested to do so and when the defendant expresses dissatisfaction with his conviction, and that the failure to do so in those circumstances is deficient for purposes of proving ineffective assistance of counsel." *Toston*, 127 Nev. at ___, 267 P.3d at 800. While Radosta's testimony concerning whether appellant requested an appeal is inconsistent, she indicated three times that appellant wanted an appeal and it appears that counsel misunderstood her obligation to file an appeal when requested, irrespective of the merits of an appeal. Additionally, appellant sufficiently expressed his dissatisfaction with his sentence to

trigger counsel's obligation to file an appeal from the judgment of conviction. *See id.* at ___, 267 P.3d at 801 (concluding that whether defendant's dissatisfaction with his sentence obligates counsel to file appeal is determined by totality of circumstances and among factors to consider in this making this determination are "whether the defendant received the sentence he bargained for as part of the plea"). We conclude that the district court's determination that appellant was not deprived of his right to appeal due to ineffective assistance of counsel is not supported by substantial evidence and that the district court erred by denying appellant's appeal-deprivation claim. Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court to provide appellant the remedy set forth in NRAP 4(c).[1]

_____ *Pickering*_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

---

[1]Appellant also challenges the district court's denial of his presentence motion to withdraw his guilty plea. Because this claim is appropriate for direct appeal from the judgment of conviction, we decline to consider it. *See* NRS 177.045; *Hargrove v. State*, 100 Nev. 498, 502 n.3, 686 P.2d 222, 225 n.3 (1984).

cc:    Hon. Valerie Adair, District Judge
       The Kice Law Group, LLC
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk